William M. DERRYBERRY and wife, Martha Derryberry, Plaintiffs-Appellees,

v.

G. L. LEDFORD and wife, Edna Ledford, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

Aug. 31, 1973.

Certiorari Denied by Supreme Court March 4, 1974.

 

Lloyd & Bussart Lewisburg, for plaintiffs-appellees.

Gerald R. Grizzell and Thurman Thompson, Lewisburg, for defendants-appellants.

## OPINION

PURYEAR, Judge.

This case involves a dispute over the title to and possession of a triangular parcel of land containing approximately three-fourths of an acre situated in the new Third (old Fifteenth) Civil District of Marshall County, Tennessee, on the east side of a public road known as Cochran Cemetery Road.

On December 24, 1884, William N. Fowler conveyed to Wilson Cochran a tract of land situated in the old Fifteenth Civil District of Marshall County, which land was on both the east and west sides of Cochran Cemetery Road, and the deed by which such conveyance was made included the triangular parcel of land in dispute here.

By deeds dated December 26, 1904, and April 5, 1905, two of the heirs of Wilson Cochran, deceased, conveyed their two-tenths undivided interest in said land to W. N. Freeman and the descriptions used in these two deeds included said triangular parcel of land which is in dispute here. By deed dated January 7, 1907, seven of the heirs of Wilson Cochran, deceased, conveyed their interest in said land to W. N. Freeman. However, by inadvertence, said triangular parcel of land was omitted from the description in this latter mentioned deed. The remaining undivided one-tenth interest was, at that time, owned by W. N. Freeman's wife, Mrs. I. E. Cochran Freeman, a daughter and heir at law of Wilson Cochran, deceased.

W. N. Freeman and wife, I. E. Freeman, died and left surviving them as their heirs at law five children, one of whom was Homer Freeman. The said Homer Freeman and his wife, Inez, purchased the interest

of the other four Freeman heirs in said land but, by inadvertence, said triangular parcel of land in dispute here was omitted from the deeds by which the other four Freeman heirs conveyed their interest to Homer and Inez Freeman.

By deed dated March 20, 1950, Homer Freeman and wife conveyed the portion of the Freeman farm which is situated on the west side of Cochran Cemetery Road to the defendants, G. L. Ledford and wife, Edna Ledford.

Thereafter, as result of a succession of conveyances, beginning with a deed from Homer Freeman and wife to John W. Thompson and wife, dated July 15, 1950, the plaintiffs finally acquired all that portion of the Freeman farm which is situated east of Cochran Cemetery Road. The triangular parcel of land in dispute here is situated east of said road but it is not embraced in the metes and bounds set forth in any of the deeds in the aforesaid succession of conveyances after nine of the Cochran heirs conveyed their interest to W. N. Freeman.

The parcel of land in dispute here lies in the triangle formed by the intersection of a private road, no longer in use, with Cochran Cemetery Road.

Said parcel of land is a heavily wooded area and the dispute erupted early in 1972 when defendants started clearing the trees and undergrowth from said land with a bulldozer at which time plaintiffs filed this suit, alleging in their complaint that they are the owners of said land citing as their immediate source of title a deed dated October 21, 1970, and of record in the Register's Office of Marshall County, Tennessee, and alleging that it is a part of the land conveyed to them in said deed. This is a deed from Aline M. Ray to the plaintiffs, William M. Derryberry and wife, of record in Book 25, page 175 in the Register's Office of Marshall County, Tennessee.

Defendants filed an answer denying that plaintiffs are the owners of said triangular parcel of land and denying that it is a part of the same land conveyed to plaintiffs by the aforementioned deed dated October 21, 1970.

The case was tried by the Chancellor on October 2, 1972, upon oral testimony and documentary evidence. At conclusion of plaintiffs' evidence counsel for plaintiffs moved that they be allowed to amend their complaint by averring that plaintiffs and their predecessors in title have been in the actual, open, notorious, continuous, exclusive and adverse possession of said triangular parcel of land under claim of right for more than twenty years next preceding filing of the complaint, which motion was allowed by the Court over objection of counsel for defendants.

Defendants did not introduce any evidence and the Court entered a final decree containing the following findings of fact:

"That said plot was part of a larger farm owned by Wilson Cochran, now know as the Freeman Farm, which complainants now own in fee simple; except for the 50 acres more or less, lying South and West of the Cochran Cemetery Road.

That the successors in title to Wilson Cochran held said farm, including the disputed plot, under this claim of right and conveyed *to it* each successor, even though the metes and bounds description failed to include the plot. The belief that said triangular plot was a part of the larger farm persisted in the minds of the parties with each conveyance.

That, at least, since January 7, 1907 these owners have exercised open, notorious, exclusive, continuous, and adverse possession *to this plot* of land and said possession under claim of right has remained unbroken until the entrance upon said land in April of 1972 by the defendants.

That the owners have posted the land to prevent the use as a 'lover's lane', cleaned-up dumped trash and garbage from it, cut firewood from it, and generally used it commensurate with the uses for which it is suited." (Tech.Rec. pp. 19–20)

Based upon the foregoing findings of fact, the trial Court ordered, adjudged and decreed that the plaintiffs' bill, as amended, be sustained and the fee simple title be vested in plaintiffs by prescriptive right absolutely and that the defendants have no right, title or interest in said land.

From this decree, defendants have prayed and perfected an appeal and filed seven assignments of error as follows:

1.

"The Court erred in allowing plaintiffs to amend their complaint, which was sworn to by both of them, after all of the proof had been presented.

2.

The Court erred in holding that the plot of ground about which this suit is brought by Appellees, is part of a larger farm owned by Wilson Cochran, now known as the Freeman Farm, which complainants (Appellees) now own in fee simple, except for the 50 acres more or less, lying South and West of the Cochran Cemetery Road.

3.

The Court erred in holding: 'That the successors in title to Wilson Cochran held said farm, including the disputed plot, under this claim of right and conveyed it to each successor, even though the metes and bounds description failed to include the plot.'

4.

The Court erred in holding: 'Since January 7, 1907, these owners (if he means plaintiffs and their predecessors in title) have exercised, open, notorious, exclusive, continuous, and adverse possession to this plot of land, said possession under claim of right had remained unbroken until the entrance upon said land in April of 1972 by defendants.'

5.

The Court erred in holding: 'That said owners (if he means plaintiffs and their predecessors in title) have paid taxes on this land for at least twenty (20) years.'

6.

The Court erred in decreeing: 'That fee simple title be vested in the complainants by prescriptive right, absolutely.'

7.

The Court erred in decreeing: 'That defendants have no right, title, or interest in said land.' "

The argument made in support of the first assignment directs our attention to the fact that no order was entered allowing an amendment and reciting its contents.

However, the final decree recites that "This case was heard upon the original complaint *and the amendment thereto*, the answer of the defendants, the testimony of the witnesses in open Court, exhibits introduced in evidence and the argument of counsel. . . ." (emphasis supplied) (Tr. p. 19).

Reference to said amendment in the bill of exceptions is as follows:

"The plaintiffs moved to amend their complaint to allege that plaintiffs and their predecessors in title have been in the actual, open, notorious, continuous, exclusive and adverse possession of the triangle of land under claim of right for more than 20 years next preceding the filing of the complaint which amendment the court allowed. Defendants objected

to allowing the amendment which objection was overruled." (B. of E. p. 84)

■ The rules relating to amendment of pleadings are quite liberal and the trial Court's discretion in allowing amendments at any stage of the proceeding should not be disturbed on appeal unless it plainly appears that such discretion was abused. T. C.A. §§ 20–1504 and 21–109; Hogan v. McFarland (1873), 65 Tenn. (6 Baxt.) 104; Patton v. Dixon (1900), 105 Tenn. 97, 58 S.W. 299; Chattanooga Ice Delivery Co. v. Burnett Co. (1940), 24 Tenn.App. 535, 147 S.W.2d 750.

The same liberal policy affecting amendments is contained in Rule 15.02 of Tennessee Rules of Procedure, which rule is as follows:

"*15.02. Amendments to conform to the evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. Provided, however, amendment after verdict so as to increase the amount sued for in the action shall not be permitted. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Although it does not appear that any order was entered upon the minutes of the trial Court containing the substance of the amendment, both the final decree and bill of exceptions show that such amendment was allowed by the Court and the substantial averments thereof appear in the bill of exceptions at page 84 thereof.

It does not appear that the defendants moved that the trial be recessed and resumed at a later date so as to give them additional time to answer the complaint, as amended, and prepare their defense thereto.

■ Therefore, it does not appear that the trial Court abused its discretion in allowing said amendment and the first assignment of error is respectfully overruled.

Assignments two, three, four, six and seven may be considered together because the general thrust of these five assignments is to the effect that the evidence preponderates against the trial Court's conclusion that the plaintiffs and their predecessors in title have held the open, notorious and adverse possession of said land for more than twenty years preceding the filing of this suit.

■ We are of the opinion that each of the parties in the chain of title and succession of conveyances, from W. N. Freeman and wife on down to plaintiffs, had the right to tack his or her possession to that of his or her predecessor in title for the purpose of acquiring title by twenty years adverse possession regardless of the fact that said land was inadvertently omitted from the metes and bounds descriptions contained in most of the deeds in this chain of title. Peoples v. Hagaman (1948), 31 Tenn.App. 398, 215 S.W.2d 827; Staub v. Hampton (1906), 117 Tenn. 706, 101 S.W. 776.

It appears from the evidence that the land in dispute is not included within the description contained in the deed by which Homer Freeman and wife conveyed that portion of their farm on the west side of Cochran Cemetery Road to the defendants and they do not insist that it is included therein.

From the testimony of Homer Freeman, Mrs. John Thompson, J. T. McKnight and plaintiff, William Derryberry, it conclusively appears that from 1907 to the date this dispute arose in 1972, this land was considered to be a part of all that portion of the Freeman farm which is situated east of Cochran Cemetery Road and was intended to be conveyed as such.

It also conclusively appears from the testimony of these witnesses that since 1907 all the persons who owned that portion of the Freeman farm which is situated east of said road claimed this land as a part of this portion of said farm and exercised exclusive rights of possession and control over it. Mr. Freeman's testimony makes it clear that he fully intended to convey to Mrs. Thompson all of his farm on the east side of Cochran Cemetery Road. As further evidence of his intent to do so, he executed a quitclaim deed conveying all of his right, title and interest in and to the disputed land to plaintiffs on October 3, 1972.

The defendants did not introduce · any evidence and, therefore, the testimony of these witnesses introduced by plaintiffs stands uncontradicted in the record.

After more than twenty years of adverse possession a grant from the state will be presumed. Chilton v. Wilson Heirs (1848), 28 Tenn. (9 Humph.) 399; Freeman v. Martin Robowash, Inc. (1970), 61 Tenn.App. 677, 457 S.W.2d 606; Drewery v. Nelms (1915), 132 Tenn. 254, 177 S.W. 946.

In Keel v. Sutton (1919), 142 Tenn. 341, 219 S.W. 351, it was held that complainants in ejectment, by showing adverse possession for more than twenty years, became entitled to maintain their suit just as if a deraignment of title from the State had been made or a continuous adverse possession under registered color of title for the statutory period shown.

The land in dispute is unimproved and not under cultivation but the plaintiffs and their predecessors in title have exercised such rights and claims of ownership as they were capable of exercising over land of this nature and character.

It has been held that only such use and occupation of land under claim of ownership as it is susceptible of by its nature and character is necessary for constituting adverse possession or prescription. Moffitt v. Meeks (1946), 29 Tenn.App. 609, 199 S.W.2d 463.

It has also been held that twenty years continuous adverse possession under claim of right has the legal effect of vesting a fee simple title. Preston v. Smith (1956), 41 Tenn.App. 222, 293 S.W.2d 51.

For the foregoing reasons the second, third, fourth, sixth and seventh assignments are respectfully overruled.

The fifth assignment to the effect that the Court erred in holding that the plaintiffs and their predecessors in title have paid taxes on this land for the last twenty years must also be overruled, because it conclusively appears from the testimony of Ralph Whitesell, former tax assessor of Marshall County and now Marshall County historian, that the land in dispute was considered as part of the Freeman place, assessed for taxation and taxes paid on it as such.

A significant part of his testimony is as follows:

"A. Well, I'm no surveyor, I can't take these deeds and interpret them like you can. I was only interested in it for tax purposes, and that piece of property always went to the Freeman place.

Q26. But Tobin and Roundtree found otherwise?

A. Well, they put a question by it, now I don't know what that meant.

Q27. Now, in your description for tax purposes, did you include the metes and bounds description?

A. Yes. We went by these deeds. That's all I had to go on.

Q28. Is there a metes and bounds description—that is a metes and bounds description that you have there. There is not a description like that known to the tax records of Marshall County, now is there?

A. No, we just have general boundaries.

MR. THOMPSON: That's all.

REDIRECT EXAMINATION BY MR. BUSSART:

Q1. Is it your testimony that at least for the past twelve years that Mr. William Derryberry and his wife or the predecessors in title have paid the taxes on this property?

A. Yes, sir.

MR. BUSSART: That's all." (B. of E. pp. 81–82)

■ We do have a statute in Tennessee to the effect that any person having any claim to real estate, the same having been subject to assessment for state and county taxes and who has failed to have the same assessed and to pay taxes thereon for a period of more than twenty years shall be forever barred from bringing any action to recover same. T.C.A. § 28–210.

However, the defendants did not rely upon this statute in their answer or allege therein that the plaintiffs and those through whom they claimed had failed to pay taxes on said land for a period of more than twenty years. In Winborn v. Alexander (1954), 39 Tenn.App. 1, 279 S. W.2d 718, this Court held that a suit to recover a strip of land was not barred by the foregoing statute where it did not appear that the complainants failed to pay taxes and that they were claiming a strip as a portion of their homeplace and not as a separate lot or parcel of land.

Therefore, even if the trial Court did erroneously conclude that plaintiffs had paid

taxes on said land for the preceding twenty years, such error was harmless in view of the fact defendants did not rely upon the above mentioned statute.

The fifth assignment is respectfully overruled.

All of the assignments of error having been considered and overruled, the decree of the trial Court is affirmed and the case remanded to that Court for enforcement of such decree. The defendants-appellants will pay all of the costs of this appeal.

SHRIVER, P. J., and TODD, J., concur.