**Leighton PANTER, Plaintiff-Appellant,**

**v.**

**James W. MILLER and wife, Trudy P. Miller, Defendants and Third Party Plaintiffs-Appellees,**

**v.**

**B. Howard NETHERY and wife, Mary Kate Nethery, Third Party Defendants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

April 23, 1985.

Application for Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

James E. Thompson, Crossville, for plaintiff-appellant.

David R. Swafford, Pikeville, for defendants and third party plaintiffs-appellees.

NEARN, Presiding Judge, Western Section.

This is an appeal from the decree of the Chancellor which settled a boundary line dispute between Leighton Panter and the Millers. The land in dispute is rugged mountain land and the deeds of the Panters and the Millers overlap. Plaintiff Panter filed suit joining the Millers as defendants to have the boundary declared between the parties. The Millers answered and denied the line was as claimed by Panter and they also brought in as third party defendants their immediate grantors, the Netherys seeking damages against them in the event the Court should hold in favor of Panter. The Chancellor found the line as contended by the Millers and Panter has appealed. As a precautionary move, the Millers have appealed the action of the Chancellor in dismissing their third party action against the Netherys. They contend such dismissal to be error only in the event that this Court should somehow find the Chancellor to have been in error in fixing the boundary line as he did. Therefore, the principal appeal is by Panter.

The Chancellor, in his memorandum opinion, after setting forth the facts stated:

Considering all of these facts, the court is of the opinion that if for no other reason, the defendants have established adverse possession for over seven (7) years on their tract of land.[1] In fact,

---

1. We presume the Chancellor was referring to  T.C.A. § 28–2–101.

they established possession from 1903 through predecession in title and the court, therefore, established the calls in their deed as the line between the parties.

Counsel for Panter presents the single issue on appeal as follows:

The Court erred in finding that Plaintiff [sic] and their predecessors in title have committed acts sufficient to establish the doctrine of adverse possession for over seven years on the disputed tract of land.

The burden is on the one alleging to prove his defense of adverse possession. See *Tipton v. Smith*, (1979 Tenn.App.M.S.) 593 S.W.2d 298. Adverse possession is never to be presumed, but all of its elements must be proved. *Drewery v. Nelms*, (1915) 132 Tenn. 254, 177 S.W. 946. In order to be adverse, the possession must be open, notorious, continuous, actual and visible. *Sequatchie Val. Coal & Iron Co. v. Coppinger*, (1895) 95 Tenn. 526, 32 S.W. 465. The caliber of proof necessary to show those required elements is dependent upon the use to which the land is susceptible. *Blankenship v. Blankenship*, (1983 Tenn.App.W.S.) 658 S.W.2d 125. The defendant's proof shows that in 1972 the land in dispute was marked by defendant's predecessor in title by bulldozing and clear cutting a line around the land. In 1974 defendants purchased the land, planted some trees on it, put up posted signs around it and on occasion, picnicked in the area making plans for the construction of their home. In 1978 outbuildings were erected in contemplation of building the home. In 1982 plaintiff filed this suit.

We hold that bulldozing and clear-cutting around one's claimed line and placing posted signs on rural unimproved land constitutes notice to the world of an adverse claim just as much as fencing in city property would constitute an open and notorious claim. See *Pullen v. Hopkins*, *Clark & Co.*, (1878) 1 Lea. 741, 69 Tenn. 741.

One does not ordinarily fence in inaccessible mountain land to show ownership. It is ordinarily done by marking or painting trees and putting up signs. This is exactly what the defendant did. The land was not susceptible to farming. About the only other thing the defendant could have done to make his possessory claim any clearer to the public at large would have been to hire armed guards to shoot anyone who set foot on the land.

This case has reached this Court accompanied by the presumption of the correctness of the facts as found by the Trial Judge. Rule 13(d) T.R.A.P. Those facts will not be disturbed unless the evidence preponderates to the contrary. The evidence does not preponderate against the finding of the Chancellor that the defendant's possession has been adverse to that of the plaintiff and has been for more than seven years.

Accordingly, the judgment is affirmed with costs against appellant and surety.

Done at Knoxville in the two hundred and ninth year of our Independence and in the one hundred and ninetieth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.