Darrell CATLETT and wife, Reba
Catlett, Plaintiffs-Appellees,

v.

Kenneth WHALEY and Bruce T.
Williams, Defendants-Appellants,

v.

Lawrence T. MASO and wife, Marie
Maso, Intervening
Petitioners-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Feb. 19, 1987.

Permission to Appeal Denied by
Supreme Court June 1, 1987.

William H. Goddard, Strand & Goddard,
Dandridge, for defendants-appellants.

David B. Maxwell, Sevierville, for Darrell Catlett, et ux., plaintiffs-appellees.

Gary H. Wade, Sevierville, for Lawrence T. Maso, et ux., intervening petitioners-appellees.

## OPINION

FRANKS, Judge.

The trial court entered judgment for plaintiffs on the basis they and their predecessors had adversely possessed the property in dispute for more than 20 years. Defendants have appealed.

Both parties claim ownership of a tract of land located in Jefferson County, known as a part of the lower tract of the Joseph Burchfield Estate.[1] Originally, the Joseph Burchfield Estate consisted of approximately 104 acres situated in two separate tracts of land, about 145 feet apart. These tracts were commonly referred to as the upper tract and the lower tract. Upon Burchfield's death, the land was divided: the lower tract and 7 acres of the upper tract were set aside as homestead and dower of the widow, Nola Burchfield; the remaining land passed to the heirs of Joseph Burchfield.

Subsequently, in 1942, the Tennessee Valley Authority obtained a flowage easement through the Burchfield property for the embayment of Douglas Dam. Most of the upper tract remained intact but only 11 acres of the lower tract remained above the level of the lake, which was landlocked with no rights of way. After TVA obtained its easement, the land was essentially abandoned and no taxes were paid on the property by the Burchfield heirs after 1942.

In 1960, the plaintiffs' predecessor in title, Dexter Moore, purchased the Burchfield property in a tax sale. On October 10, 1962, the Clerk of the Circuit Court issued a deed to Moore, describing the property as follows:

Situated in the Eighth Civil District of Jefferson County, Tennessee and known as the Joe Burchfield Estate containing 40 acres more or less. Bounded and described as follows: on the North by Moore, East by TVA, South by Poe, and West by TVA.

By virtue of the purchase, Dexter Moore held himself out as the owner of all the Burchfield Estate land, including the lower tract.[2] Moore used the lower tract to pasture his cattle, and one witness testified Moore cut and removed timber from that tract. In 1968, Moore conveyed his interest in the Burchfield property by warranty deed to plaintiffs.

Defendants insist the deed issued to Moore in the tax sale did not convey the lower tract. They argue the boundary descriptions found in Moore's deed contained only the upper tract. Additionally, defendants presented evidence at trial indicating the lower tract had been dropped from the tax records after 1942 and was not assessed for taxes again until 1972, when the tax maps were revised. Defendants further insist the lower tract was owned by the Joseph Burchfield heirs, most of whom have conveyed their interest in the land to defendants through quit claim deeds, which were recorded in 1983.

The trial court concluded the tax deed to Moore did not convey the lower tract but held:

[T]here was evidence that the plaintiffs exercised dominion and control over the subject property. Indeed, the dominion and control as exercised by them was about as "adverse" as one could imagine—they sold parcels off of it. Plaintiffs' predecessor in title, Mr. Dexter Moore, pastured cattle on the subject premises. Although Mr. Dexter Moore certainly could have made use of this property in some manner that would have been more "adverse" to the owners than he actually did, nevertheless he did exercise such dominion and control over it and did so openly, so that such dominion and control amounted to adverse user.

---

1. Documents are inconsistent as to the spelling of the "Burchfield" name. Often the name appears as "Burchfiel."

2. Nola Burchfield died some time in 1953 and her land reverted to the Burchfield heirs. Thus, after 1953, all the original Burchfield Estate property was owned by the Joseph Burchfield heirs.

The court further observed that the Joseph Burchfield heirs "never asserted any claim to the property", thereby rejecting the testimony of some of the heirs concerning their use of the property.

■ To establish title by adverse possession, there must be an occupation of the property under a claim of right or title which is open, actual, continuous, exclusive, adverse and notorious for the prescriptive period of 20 years. *Tidwell v. Van Deventer,* 686 S.W.2d 899 (Tenn.App.1984); *Smith v. Adkison,* 622 S.W.2d 545 (Tenn. App.1981); and *Preston v. Smith,* 41 Tenn. App. 222, 293 S.W.2d 51 (1955).

■ The nature and character of the land is taken into consideration in determining whether the claimant's possession has been sufficient to establish ownership. *Panter v. Miller,* 698 S.W.2d 634 (Tenn. App.1985); *Derryberry v. Ledford,* 506 S.W.2d 152 (Tenn.App.1973); and *Lamons v. Mathes,* 33 Tenn.App. 609, 232 S.W.2d 558 (1950). As noted, after 1942 the lower tract was landlocked and of little apparent value.[3] In 1960, Moore began using the property to pasture his cows and cut timber from the land. After the plaintiffs obtained the property,[4] they built a road on to the property and erected a fence with a locked gate. Plaintiffs allowed friends and acquaintances to hunt and fish and camp on the land and they also cut and sold timber from the tract. Additionally, plaintiffs sold a portion of the lower tract to the intervenors.

The evidence does not preponderate against the trial court's conclusion that for more than 20 years plaintiffs and their predecessors openly and adversely claimed ownership of the lower tract of land and utilized the land as their own. T.R.A.P., Rule 13(d). Plaintiffs' ownership of the land was therefore established. *Derryberry, supra; Hill v. Hill,* 55 Tenn.App. 589, 403 S.W.2d 769 (1965).

Defendants assert, however, plaintiffs are barred from any recovery by T.C.A., § 28–2–110[5] and their action must be dismissed.

■ The chancellor pretermitted this issue but his decision, in effect, established that neither plaintiffs nor their predecessors in possession paid any taxes on the disputed land. The statute clearly bars plaintiffs from bringing any action. *Burress v. Woodward,* 665 S.W.2d 707 (Tenn. 1984).

■ As *Burress* notes, however, the statute does not bar a defense of title and since defendants filed a counteraction, plaintiffs' defense in the posture of a counter-defendant was not barred. The chancellor voided defendants' quit claim deeds on the basis plaintiffs and their predecessors had adversely possessed the land more than 20 years at the time defendants received their deeds. We affirm.

Plaintiffs' original action is dismissed and the judgment thereon reversed. The cause will be remanded for entry of judgment in accordance with this opinion and for the purpose of further considering the claims of the intervenors.

The costs incurred on appeal are assessed one-half to plaintiffs and one-half to defendants.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.

---

**3.** In fact, the land was surrounded by water and was actually an island, except for a short season of the year when the lake level dropped.

**4.** A dike was built by an adjoining landowner in the 1970's, enabling the plaintiffs to develop the property.

**5.** T.C.A., § 28–2–110(a) provides, in pertinent part:

Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.