# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| **BILLY FRANK HENLEY and,** | ) | From the Chancery Court |
| **JOE H. MARLOW,** | ) | for Coffee County, Tennessee |
| | ) | The Honorable Gerald L. Ewell, Sr., Chancellor |
| **Plaintiffs/Appellees,** | ) | |
| **vs.** | ) | |
| | ) | Coffee Chancery No. 95-165 |
| **DALE DOTSON and wife,** | ) | Appeal No. 01A01-9611-CH-00523 |
| **ELSIE DOTSON,** | ) | |
| | ) | **AFFIRMED** |
| **Defendants/Appellants.** | ) | |
| | ) | Aubrey L. Harper |
| | ) | McMinnville, Tennessee |
| | ) | Attorney for Defendants/Appellants |
| | ) | |
| | ) | Robert F. Hazard |
| | ) | Tullahoma, Tennessee |
| | ) | Attorney for Plaintiffs/Appellees |

FILED

October 3, 1997

Cecil W. Crowson

## RULE 10 MEMORANDUM OPINION

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.[1]

The plaintiffs in this case, Billy Frank Henley ("Henley") and Joe H. Marlow ("Marlow"), own tracts of farm land in Coffee County, Tennessee. Henley acquired his land in 1992 from his brother, Clarence Henley, and his sister-in-law, Nona Mae Henley. Clarence and Nona Mae Henley had acquired the property from his parents in 1974. His parents had owned the property since 1957. Marlow acquired one tract of land at issue in 1973 and another tract of land at issue in 1975. The plaintiffs claim that a road separates their land from that of the defendants, Dale and Elsie Dotson ("Dotson").

Henley and Marlow brought this action after Dotson placed a gate across the road, inserted metal posts in the roadway separating Dotson's property from Marlow's property, and inserted fence posts parallel to the roadway in property alleged to be owned by Henley. Henley and Marlow sought to have the road declared a public road, and petitioned the trial court to enjoin Dotson from obstructing it.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Dotson countered that the road at issue is merely a farm lane with no public use. Dotson further contended that a 1995 survey indicates that a significant portion of the road at issue is located within the boundaries of Dotson's property.

At the bench trial, the plaintiffs proffered the testimony of several witnesses, including Henley's parents, that as far back as 1918 the road had been publicly used as a means of access to homes located in the vicinity. They testified that this use continued after the county ceased maintaining the road, until Dotson closed it.

The plaintiffs also presented testimony that for at least seventy years the road had been treated as the boundary between the plaintiffs' property and Dotson's property. Although he disputed that the road was a boundary, Dotson acknowledged that, since Dotson was a child, the plaintiffs and their predecessors had farmed the land up to the road.

In a cursory opinion, the trial court held that the road was a "public right-of-way" and enjoined Dotson from obstructing the roadway. Dotson then filed a motion with the trial court, seeking a ruling on the ownership of the land adjacent to the road, which had been farmed by the plaintiffs for many years but which Dotson's 1995 survey indicated belonged to Dotson. In a Supplemental Decree, the trial court ruled that the road served as the boundary between the plaintiffs' and the defendants' property, in effect ruling that the disputed land belonged to the plaintiffs. From these rulings, Dotson now appeals.

On appeal, Dotson asserts that the evidence was insufficient to support the trial court's findings that the road is a public right-of-way and that the road is the boundary line between the parties' property. Dotson also asserts that it was inappropriate for the trial court to rule that the road serves as the boundary line, because this determination was not requested in the plaintiffs' Complaint.

Our review of the trial court's order is *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Tenn. R. App. P. 13(d). From our examination of the record, the evidence preponderates in favor of the trial court's finding that the road constitutes a public right-of-way. The evidence is sufficient to support the trial court's finding that an implied dedication has been made. *See Reeves v. Perkins,* 509 S.W.2d 233 (Tenn. App. 1973); *Rogers v. Sain*, 679 S.W.2d 450 (Tenn. App. 1984). Therefore, the trial court appropriately ordered removal of obstructions placed on the road and on the plaintiffs' property.

The evidence is also sufficient to support the trial court's finding that the road serves as the boundary between the properties of Henley and Dotson. "To establish title by adverse possession, there must be an occupation of the property under a claim of right or title which is open, actual, continuous, exclusive, adverse and notorious for the prescriptive period of 20 years." *Catlett v. Whaley*, 731 S.W.2d 544, 546 (Tenn. App. 1987). Furthermore, "[t]here is no question but that the taking of possession of parties, where neither had as much as twenty years possession, but together their period of adverse possession had been far more than twenty years, without interruption, the title and right by prescription prevailed." *Hill v. Hill*, 403 S.W.2d 769, 781, 55 Tenn. App. 589, 617 (Tenn. App. 1965).

The record indicates that, for decades, Henley and his family have farmed the land bordering the road. This continued, uninterrupted, while title to the land was passed to various members of Henley's family. The evidence preponderates in favor of the trial court's finding that the road separates the properties of Henley and Dotson.

On appeal, Dotson also argues that the trial court improperly ruled that the road was the boundary between the plaintiffs' and defendants' properties, because the plaintiffs failed to request a boundary determination in their Complaint. This argument is puzzling in view of Dotson's motion filed on May 6, 1996, specifically requesting the trial court to make a ruling regarding this issue. It appears that the issue was tried by the implied consent of the parties. *See Derryberry v. Ledford*, 506 S.W.2d 152, 155-156 (Tenn. App. 1973). Moreover, any objection Dotson may have had was waived by the filing of a motion requesting the trial court to rule on this issue.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.


_____**HOLLY KIRBY LILLARD, J.**


**CONCUR:**


_____
**W. FRANK CRAWFORD, P.J., W.S.**


_____
**ALAN E. HIGHERS, J.**

3