IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2003 Session

## CECIL JACOBS, ET AL. v. EDWIN UNDERHILL, ET AL.

**Appeal from the Chancery Court for Perry County**
**No. 4163      Timothy L. Easter, Chancellor**

**No. M2002-02866-COA-R3-CV - Filed December 15, 2003**

The appellants challenge the trial court's Order commanding them to remove a portion of their patio and garage and any portion of their residence constructed since 1999 which encroaches on the appellees' property.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Ricky L. Wood, Parsons, Tennessee, for the appellants, Edwin Underhill and Robbie Jo Underhill.

Dana Dye, Centerville, Tennessee, for the appellees, Cecil Jacobs, Gary Jacobs and Linda Hitt.

### OPINION

On August 2, 2001, Cecil Jacobs, Gary Jacobs and Linda Hitt filed a Complaint in Perry County Chancery Court seeking an order requiring Edwin Underhill, and his wife, Robbie Jo Underhill to remove a portion of a newly constructed carport and patio which construction encroached upon the Jacobs' property.  The Jacobs' quitclaim deed provides the following description of the subject property:

> Beginning at the northerly common corner of Lots Nos. 5 and 3 where said corner intersects with the southwesterly margin of an 18 foot private road off of Lakeview Drive; thence North 8 deg. West 43 feet to a point; thence due North to a point in the southerly line of Lot No. 6; thence North 85 deg. West along the common line of Lots Nos. 5 and 6, 190 feet more or less to the waters edge of Kentucky Lake; thence with the easterly margin of said lake as it meanders in a southerly direction 165 feet to a point, being the northwesterly common corner of Lots Nos. 4 and 5; thence

South 85 deg. East 166 feet to a point, being the common corner of Lots Nos. 3, 4 and 5; thence North 29 deg. East 143.5 feet to the point of beginning.

The Underhills admitted the construction, but denied that the construction constituted a trespass on the Plaintiffs' property. In particular, the defendants Underhill averred the following paragraphs as affirmative defenses:

1.      Defendants state that they are entitled to possession of all lands within their boundary and within their closure not only by title deed, but any claims other persons may have against same are barred by the statute of limitations, and also violate Section 28-2-101/102/103 and 105, Tennessee Code Annotated, since no claim or suit has been filed by Plaintiffs against the Defendants within the period of the statute of limitations set forth therein, and any claim is no barred. Further, the Plaintiffs have not paid any taxes on said land enclosed within the Defendants' description therefore and any claims they may have is barred by Section 28-2-109/110, Tennessee Code Annotated. In fact, the Plaintiffs have not at any time exercised any possession of said land in any way, nor have they had any title thereto in any way at any time, and they are not entitled to any interest in any land enclosed within the description of the Defendants' tract of land as set forth in their title deed aforesaid.

2.      The Defendants rely on adverse possession as a barr to the Plaintiffs' claim for relief.

3.      Defendants state that the Plaintiffs' Deed is defective and has several calls which are missing and as such the Deed will not close. The Plaintiffs should be estopped from asserting a position inconsistent with the boundaries contained in their Deed.

With the action thus joined, the chancellor heard the matter on September 12, 2002. The chancellor entered written findings of fact and conclusions of law, in which he specifically found that the Jacobs "possess an interest as tenants in common, to the exclusion of all others, all properties described in their quitclaim deed . . . including that portion of land where Defendants' new patio and garage now encroach." The chancellor concluded that, since the encroachment occurred in the process of remodeling in 2000, as the result of a storm, that the encroachment was not of the exclusive, continuous nature, and for the duration required to establish adverse possession. From the trial court's order requiring removal of the patio and garage, the Underhills appeal, asserting as error the trial court's refusal to find that the plaintiffs were equitably estopped from vindicating their proprietary interest in the land upon which Defendants admittedly encroached. It is well settled in this jurisdiction that equitable estoppel is an affirmative defense to be pled specifically and set forth affirmatively in the pleadings before the Court. *See Alexander v. Armentrout*, 24 S.W.3d 267, 272 (Tenn.2000). Because this defense was never raised during the trial court proceedings, the issue is waived and this Court cannot consider the defense. T.R.A.P. 3(e); T.R.A.P. 36(a), *Alexander*, 24 S.W.3d at 272. This Court affirms the findings and conclusions of the chancery court in their entirety and expressly adopts the following excerpt from the court's conclusions of law:

The general law regarding boundary line disputes is that in determining boundaries resort is to be had, first, to natural objects or landmarks, because of their very permanent character, next, to artificial monuments or markers, then to boundary lines of adjacent owners, and then to courses and distances. But this general rule, as to the relative importance of these guides to the ascertainment of a boundary of land, is not an inflexible or absolute one.

The use of the rule is as a measure to the discovery of the intentions of the parties. To arrive at the intention of the parties to the instrument is the purpose of all rules of construction, and this applies to the description of premises conveyed as well as to other parts of the instrument. *Pritchard vs. Rebori*, 186 S.W. 121 (Tenn.1916).

The metes and bounds set forth in the legal descriptions of the Plaintiffs' quitclaim deed, the Defendants' warranty deed, and the deeds to the property adjoining the Defendants' property (Dill and Noland deeds) (Trial Exhibits 15 and 16) were all found and established by Tony Reasons' survey. Plaintiffs' evidence clearly proves that they are the true owner of the lands described in paragraph 1 of their complaint. Tennessee Code Annotated § 16-11-106(b).

Claims by Defendant of adverse possession of the disputed property are claims which are not adverse at all. Before a party is justified in relying upon the defensive remedy of adverse possession, there must be exclusive, actual, adverse, continuous, open and notorious possession for the entire prescribed period. *Catlett vs. Whaley*, 731 S.W.2d 544 (Tenn.Ct.App.1987). Defendants have never claimed exclusive possession of the land in question. They never disputed that the Plaintiffs allowed them to use the Plaintiffs' property to park their vehicles and share in a neighborly fashion the Plaintiffs' property. Neither the Plaintiffs nor the Defendants used the disputed property to the exclusion of the other, until Defendants began construction the new patio and garage.

Further, the actual smaller piece of property containing the Defendants' newly constructed patio and garage did not become an issue until spring of 2000, when the Defendants began their construction. This lawsuit was filed on August 2, 2001. Actual possession for seven (7) years is necessary to bar the right of the true owner. T.C.A. § 28-2-101, et seq. The Defendants' adverse possession, if it in fact had existed, fails to meet the necessary duration required for such claim.

The Defendants have failed in their burden of establishing adverse possession. *Moore vs. Brannan*, 42 Tenn. App. 542, 304 S.W.2d 660 (1957). The legal presumption is that the possession of land is in the person having the legal title. *Smith vs. Cross*, 125 Tenn. 159, 140 S.W. 1060 (1911). The presumption is against an adverse possession between privies. *Hubbard vs. Wood's Lessee*, 33 Tenn. (1 Sneed) 270 (1853). Defendants have failed to overcome the presumption that legal title and possession of the disputed property rest with the Plaintiffs.

Defendants claim ownership interest pursuant to T.C.A. § 28-2-109 and 110. The presumption raised by § 28-2-109 is rebuttable. *Welch vs. A.B.C. Coal Co.*, 41 Tenn. App. 208, 293 S.W.2d 44 (1956); *Landworks, Inc. vs. Vick*, 2002 Tenn. App. LEXIS 134, February 19, 2002. The tax evidence relied upon by the Defendants,

including testimony of the property assessor and county trustee, Trial Exhibits 17, 24, 25 and 26, fail to establish that the taxes paid by the Defendants on land in Perry County is the same land described in the Plaintiffs' deed, the Defendants' deed or any other legal or equitable interest arising through conveyance, grant or other assurance of title recorded in the Register's Office of Perry County. The Defendants, therefore, are not entitled to the presumption of ownership pursuant to §28-2-109.

The Defendants also claim ownership pursuant to T.C.A. § 28-2-110. Again, as stated in the previous paragraph, Defendants have failed to establish that their claim to real estate or land or to any legal or equitable interest therein is the same real estate or land that is the subject of this lawsuit. Furthermore, the Defendants have failed to clearly show that the Plaintiffs have failed to pay their taxes. A party attempting to rely on this section as a bar must clearly show that the other party failed to pay the taxes. *Bone vs. Loggin*, 652 S.W.2d 758 (Tenn.Ct.App.1982).

The Order of the trial court is affirmed. Costs on appeal are assessed against the appellants for which execution may issue.

_____
WILLIAM B. CAIN, JUDGE