Mrs. Eva Arnold ALEXANDER,
Plaintiff-Appellant,

v.

Mrs. Francis Hardin PATRICK,
Defendant-Appellee,

v.

HASSELL & HUGHES LUMBER
COMPANY, INC., Third Party
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

Feb. 17, 1983.

Rehearing Denied March 4, 1983.

Application for Permission to Appeal
Denied by Supreme Court,
Aug. 29, 1983.

James A. Hopper, Savannah, for plaintiff-appellant.

Joe Hailey, Selmer, for defendant-appellee.

W.C. Keaton, Hohenwald, for third party defendant-appellee.

NEARN, Presiding Judge, Western Section.

The real issue on appeal is the applicability of T.C.A. § 28–2–110 to the facts of the case. The Chancellor held that it was a bar to plaintiff's claim and dismissed the complaint. Plaintiff has appealed.

T.C.A. § 28–2–110 is as follows:

28–2–110. Action barred by nonpayment of taxes.—(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state;

(b) This section shall not apply to persons under eighteen (18) years of age or to persons of unsound mind if suit shall be brought by them, or any one claiming through them, within three (3) years after the removal of such disability.

In his trial opinion, parts of which we are pleased to copy, the Chancellor succinctly stated the case as follows:

The plaintiff and the defendant both claim ownership of a tract of land located in Hardin County which is approximately 50 acres in size.

The plaintiff, Eva Arnold Alexander, claims title by virtue of a deed from her brother and sisters dated July 13, 1962, and by virtue of a deed to her father, Daniel Arnold, from E. Mulry, dated February 22, 1902. Neither the plaintiff, nor her predecessors in title paid any taxes to Hardin County on the real estate in question until October 1, 1960.

The defendant, Frances Hardin Patrick, claims title to the property in dispute by virtue of a deed from the Clerk & Master of this Court pursuant to a decree in April, 1978. The relevant predecessors in title of the defendant acquired the property by deed also from E. Mulry dated March 13, 1911. The defendant's predecessors in title immediately began paying taxes on the property in dispute and did so continuously for a period in excess of twenty years.

The plaintiff contends that the property described in her deed is also encompassed in the deed made to the defendant by this Court and, therefore, that the properties overlap.

The defendant filed a third-party complaint against Hassell & Hughes Lumber Company for contribution for the value of any land that may be awarded to the plaintiff.

Just as succinctly, the Chancellor found the necessary facts over which there is no real dispute to be as follows:

No taxes were assessed against the property in the name of the plaintiff, or her predecessors in title, until 1960. At that time, the plaintiff, or someone acting on her behalf, had the property placed on the tax rolls of Hardin County, as a pick-up for 1958, 1959 and 1960. These taxes were paid on October 31, 1960, for all three years. The defendant, and her predecessors in title, have paid taxes continuously from 1912 to date on the property.

Appellant insists that the proof is insufficient to show that defendant Patrick or her predecessors have paid taxes on the subject property since 1912. There is testimony in the record that all taxes on all lands titled in Patrick and her predecessors have been paid since 1912 as the Chancellor found. The evidence does not preponderate against that finding. Since the plaintiff contends that the land described in his deed "overlap" with the land in defendant's deed *a fortiori* the taxes have been paid by defendant or predecessors since 1912.

We hold that where one claiming an interest in real property or his predecessor in title has failed to have assessed and to pay taxes on the claimed property for at least twenty continuous years and those taxes have been assessed to and paid by another claimant, T.C.A. § 28–2–110 will act as an absolute bar to any suit by the one so failing.

The result is that the judgment below is in all things affirmed. Costs of appeal are adjudged against the appellant.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.

ORDER ON PETITION TO REHEAR

A Petition to Rehear has been filed by counsel for appellant. In the petition two points are raised. The first faults the opinion for refusing to construe two statutes together for the benefit of appellant. We felt such construction was unnecessary, as did the Chancellor, and we adhere to that position. The second point for the first time raises the issue of a retroactive application of T.C.A. § 28–2–110 to plaintiff. Such issue raised for the first time in a petition to rehear should not be considered by the Court, see *Harrison v. Schrader,* (1978 Tenn.) 569 S.W.2d 822.

Accordingly, the petition is respectfully denied.

NEARN, P.J. (W.S.) and CRAWFORD and HIGHERS, JJ., concur.