**Eva BURRESS and Burlie Williams, Co-Administrators of the Estate of William A. Williams, Plaintiffs-Appellees,**

v.

**Louise WOODWARD, et al., Defendants-Appellants.**

Supreme Court of Tennessee, at Knoxville.

Feb. 27, 1984.

Thomas W. Phillips, Herbert B. Williams, Oneida, for defendants-appellants.

Johnny V. Dunaway, Gabriela P. Cacuci, LaFollette, for plaintiffs-appellees.

## OPINION

DROWOTA, Judge.

The issue in this case is whether T.C.A. § 28–2–110 bars the Plaintiffs' action for damages and an injunction against Defendants' mining activities on a tract of land to which Plaintiffs claim the mineral rights, due to Plaintiffs' failure to pay taxes on the mineral portion of the property "for a period of more than twenty years."

The Plaintiffs are the co-administrators of the estate of William A. Williams, who purchased the disputed property in fee simple absolute in 1926. In 1934 he conveyed the property to G.B. Williams but specifically retained the mineral rights. In 1942, again by deed expressly excluding the mineral rights, G.B. Williams conveyed his surface rights to Mark Woodward. The Defendants are the heirs of Woodward and a corporation conducting mining operations on the land under a lease from the Woodward heirs.

The Scott County Trustee's records indicated that neither William A. Williams nor the Plaintiffs paid any taxes on the mineral interest from 1942 until 1981, when the Plaintiffs had the trustee and assessor back assess the mineral rights for 1979, 1980 and 1981 and paid a total back assessment of $46.41. Plaintiffs claim the prior failure to pay taxes on the mineral rights was a result of the assessor's and trustee's omission. There is no evidence that Defendants ever paid the taxes on the mineral rights.

Defendants' motion for summary judgment was based on the statute of limitations for nonpayment of taxes in T.C.A. § 28–2–110:

> *Action barred by nonpayment of taxes.*
> —(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state;

The Chancellor granted the motion; however, the Court of Appeals reversed and remanded the case to the trial court. The Court of Appeals cited the fact that the Plaintiffs had availed themselves of the procedure for back assessment and payment of omitted taxes as being significant in this case. The court also found that it is not the duty of the property owner to have the property assessed by the county tax assessor. T.C.A. § 67–604 (now codified at T.C.A. § 67–5–504). Finally, the court stated that applying T.C.A. § 28–2–110 as an absolute bar would be "manifestly inequitable" as an "uncompensated detriment" to Plaintiffs and a "gratuitous benefit" to Defendants. Defendants filed a petition to rehear which was denied. However, Judge Goddard filed a dissenting opinion stating "that the resolution reached in our original opinion could very well render T.C.A. § 28–2–110 meaningless." We agree, and accordingly reverse the majority of the Court of Appeals.

Application of T.C.A. § 28–2–110 depends upon the intent or purpose of the legislature expressed in the statute. "The intent is gathered from a reading of the statute giving the language and words used their natural, ordinary and commonly accepted meaning." *Weaver v. Woods,* 594

S.W.2d 693 (Tenn.1980). This statute, taken literally, bars the Plaintiff's action forever.

Neither the Plaintiffs nor their predecessors in title had paid taxes on the mineral rights for 36 years, 31 of those years occurring after passage of the statute. Although the Plaintiffs paid the back taxes for the three years immediately preceeding this action, § 28–2–110 makes no mention of whether this would remove the bar imposed by the statute. The present Title 67, part 10, which provides for back assessment of property omitted from taxation, was in effect at the time § 28–2–110 was passed. However, it does not appear that the legislature intended that payment of back taxes under T.C.A. § 67–1–1001, et seq., would remove the bar imposed by § 28–2–110.

The Plaintiffs take the position that failure to pay taxes was solely a result of the assessor's omission. The Court of Appeals, relying on T.C.A. § 67–5–504, found that it is the duty of the tax assessor to assess the property. However, § 67–5–504 was not passed until 1973, as a part of the Property Assessment and Classification Act, and the taxes on the property in question had not been assessed or paid for more than twenty years prior to the passage of the Act. Furthermore, § 28–2–110 places the burden on the property owner to have his property assessed; therefore, the tax assessor was not under a duty to assess the property prior to 1973. The Plaintiff's position is without merit and the Court of Appeals erred in its application of T.C.A. § 67–5–504 to this case.

Finally, we address the finding by the Court of Appeals that application of the absolute bar of § 28–2–110 would be manifestly inequitable. We agree that the result reached in this case is harsh. Nevertheless, the statute compels the conclusion we have reached. It should be noted that as a statute of limitations, T.C.A. § 28–2–110 does not affect title or destroy rights, it merely restricts the rights of the property holder who falls within its purview. Plaintiffs are restricted under the statute from bringing suit because of their failure to pay taxes for a period of more than twenty years. However, as noted in *Layne v. Baggenstoss,* 640 S.W.2d 1, 3 (Tenn.App. 1982), "[n]othing in § 28–2–110 prevents Defendants from defending their title. The failure to pay taxes for twenty years does not automatically cause Defendants to be ejected."

It is no more inequitable for the Plaintiffs in this case to lose their right to bring this action than it is for any other individual to lose a cause of action by the bar of a statute of limitations. Our decision is consistent with the decision of the Court of Appeals in *Alexander v. Patrick,* 656 S.W.2d 376 (Tenn.App.1983), in which the court held that T.C.A. § 28–2–110 acts as an absolute bar to any suit "where one claiming an interest in real property or his predecessor in title has failed to have assessed and to pay taxes on the claimed property for at least twenty continuous years." *Id.* at 377. The decision of the Court of Appeals is accordingly reversed.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.