IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

RUDY E. ROGERS,

    Plaintiff,

v.

GERALD L. YOUNG and
wife, TONYA A. YOUNG,

    Defendants.

Henry Chancery No. 15885
    C.A. No. 02A01-9604-CH-00081

Hon. Walton West, Judge

FILED

**July 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RICHARD L. DUNLAP, III, The Dunlap Law Firm, Paris, Attorney for Plaintiff.

WILLIAM T. LOONEY, Paris, Attorney for Defendants.

*AFFIRMED*

Opinion filed:

TOMLIN, Sr. J.

    Rudy E. Rogers (by name or "plaintiff") filed a suit to quiet title in the Chancery Court of Henry County against Gerald L. Young and wife, Tonya A. Young (by name or "defendants"), relative to a tract of land owned by him. Following a bench trial the chancellor held that plaintiff was barred from bringing an action to quiet title pursuant to the provisions of T.C.A. § 28-2-110, but nonetheless held that plaintiff was the rightful owner of the disputed property. The sole issue presented by this appeal is whether or not the chancellor erred in holding that plaintiff was barred from bringing his action to quiet title. For the reasons hereinafter stated we affirm the chancellor.

    Most if not all the facts in this case are not in dispute. For a more complete understanding of the facts pertaining to the size, location and proximity to one another of the respective tracts, the reader's attention is directed to Appendix A, attached and made a part of this opinion. This appendix is a portion of a TVA map utilized repeatedly by both parties in the trial court for the purpose of depicting an aspect of the case that directly affected plaintiff or defendants. Its accuracy as far as representing the location, shapes and approximate sizes of the respective parcels has not been questioned-- therefore our willingness to use it to present the facts to the reader. The names appearing on the map and the parcel identification numbers were affixed by

TVA at the time of the creation of the map by the agency.

As of June 18, 1968 Graceland Estates, Inc. ("Graceland") owned the fee simple title to parcels numbered 1 and 4. The triangular portion of parcel 1, shaded and numbered "2", is the parcel in dispute and was and is an integral part of parcel 1. "Parcel 1" will refer to the entire tract, unless otherwise identified. The TVA plat identifies "Rachal Conyers" as the owner of Tract GIR-4090F, (parcel 1). Title to this property was conveyed to Graceland on June 5, 1968. The parcel was described in the deed as follows:

> A Tract or parcel of land in the 11th Civil District Henry County, State of Tennessee, as follows: Beginning on the east bank of the Creek, the northeast corner of this tract; thence west 88 poles to a stake; thence south 25 poles to a stake; thence east 70 poles to a stake in the Creek; thence northeast with the Creek about 28 poles to the beginning, containing 13 acres, more or less.

Using the same legal description Graceland conveyed this property to plaintiff on December 7, 1968. The deed was recorded shortly thereafter.

Previously, Rachal Conyers had sold Tract GIR-4090F to C.E. Parker, in November 1943, utilizing the same legal description as used by Graceland in its deed to plaintiff. This property was conveyed three times prior to its conveyance to Graceland in June, 1968. Each time the same legal description was used.

The tract identified as parcel 4 on Appendix A was conveyed to Graceland by deed of date June 18, 1968. From an examination of the legal description of that property the south boundary line of same constitutes the north boundary line of the disputed parcel in this litigation. After Graceland had made its conveyance of parcel 1 to plaintiff, Graceland in turn conveyed a parcel of land to Thomas L. Gregory and wife, ("Gregory") defendants' predecessor in title. This conveyance, represented by parcel 3 on the attached appendix, had as its beginning point the southwest corner of the tract previously conveyed by Graceland to plaintiff.

The foundation for this litigation was laid by the subsequent conveyance by Gregory to the defendants in December, 1988. The legal description in this conveyance has as its beginning point the same beginning point as in the prior deed from Graceland

to Gregory, namely, the southwest corner of plaintiff's property. However, instead of proceeding to describe the parcel heretofore conveyed to Gregory by Graceland, the legal description described a parcel of land north and east of this beginning point, encompassing the disputed triangle of plaintiff's property and described parcel 4 as well. The deed from Gregory to defendants sought to convey title to a parcel of land in which the grantor, Gregory, had no interest in.

As an additional development to complicate matters, in 1971 the state ordered that the counties of Tennessee were required to implement a mapping process as part of their record keeping of real estate in their respective counties. Prior to this time there were no tax plats or maps in Henry County from which one might ascertain the size and shapes of the various pieces of property.

As a result of this mapping process the taxing authorities of Henry County treated parcel 2, the disputed parcel, as a separate piece of property and assessed it in the name of defendants or their predecessors in title. This occurred sometime in 1971. Plaintiff continued to pay Henry County property taxes yearly, as he was billed on all properties assessed to him. It was stipulated that because the Henry County tax assessor had erroneously assessed the disputed parcel as aforesaid from that date until 1992, the taxes were paid on this disputed property by defendants or their predecessors in title. This situation was not discovered by plaintiff until sometime in 1992 or shortly thereafter. Finally, the record does not reflect that plaintiff ever declined or failed to pay any and all real estate taxes charged to him in Henry County during the course of these events. After plaintiff learned of the mix-up in the tax assessor's office, he consulted counsel and this suit ultimately followed.

In his complaint plaintiff set forth his chain of title by which he claimed ownership to the subject property. In addition he contended that defendants' claim to the subject property was invalid and of no force in effect because defendants had never been conveyed any right, title or interest in and to the property, as their grantors had no title to the property to convey. In addition to asking the court to bar all claims of the defendants to the subject property plaintiff sought to have the court adjudicate that he was the lawful owner and vested with the unencumbered fee simple title to the property

3

described in contention and entitled to sole possession of it.

In their answer defendants claimed title by adverse possession, and in addition alleged that plaintiff's suit was barred by the statute of limitations set out in T.C.A. § 28-2-110, specifically asserting that plaintiff had failed to pay taxes on the subject property for a period of twenty years. T.C.A. § 28-2-110 reads in pertinent part as follows:

> Any person having a claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

In addition to asking the chancellor to dismiss plaintiff's complaint defendants also asked the court to declare them to be the rightful and legal owners of the disputed property. At the close of all the proof the chancellor found that the record established that plaintiff had failed to pay county property taxes on the disputed property for a period of more than twenty years prior to filing this suit. As a result, the court held that plaintiff was barred from bringing this action to recover land or profits from same by virtue of this failure to pay taxes.

However, inasmuch as both plaintiff and defendants in their respective pleadings called on the court to declare them to be the true and lawful owners in fee simple of the property in question, the chancellor did so, finding that by virtue of plaintiff's deed from Graceland he was vested with fee simple title to the disputed tract and that the deed to defendants from their predecessor in title seeking to convey fee simple title to them was a nullity, in that plaintiff's predecessor in title had no interest or right whatsoever in the property which they sought to convey to defendants. The chancellor further held that while Section 28-2-110 restricted the rights of a property owner who fell within its purview to assert a claim, nothing in said statute prevented plaintiff from defending his title from the claim of another. The chancellor decreed that ownership of the property in dispute was declared to be with plaintiff.

4

The only issue presented by this appeal by both plaintiff and defendants is whether or not the chancellor erred in holding that plaintiff was barred from bringing his suit by virtue of the provisions of T.C.A. § 28-2-110, plaintiff contending that the chancellor erred, defendants asserting that the chancellor was correct. Defendants in their brief did not raise as an issue the ruling by the chancellor that plaintiff was the rightful owner of the disputed property.

Defendants do in their brief in one paragraph state that "defendants in this case only filed an answer and never brought any kind of counter action. . . ." To this court, this is a distinction without a difference. While defendants may not have labeled their relief sought as a counter-claim, they specifically asked for affirmative relief directly contrary to the relief sought by plaintiff by asking the court to declare them to be the lawful owners of the dispute property. In defending against plaintiff's suit it would have been sufficient to have simply raised the special defense of the statute of limitations as set forth in Section 28-2-110. Defendants did seek affirmative relief, which is clearly in the nature of a counter-claim.

So that there shall be no doubt, for the sake of this opinion, the court will treat the issue as raised. In our opinion the evidence does not preponderate against the finding of the chancellor in this regard. Under our scope of review, all findings of the trial court come to this court with a presumption of correctness, and, absent an error of law, unless we find that the evidence preponderates against such a finding, we must affirm. T.R.A.P. 13(d).

The evidence clearly supports the finding of the chancellor in this regard. The record reflects that Graceland conveyed a parcel of land to Gregory, defendants' predecessor in title, located in the "South Forty." Thereafter, Gregory, using the same startin point, attempted to convey to defendants title to a tract of land located in the "North Forty" in the opposite direction from the parcel of land heretofore conveyed to him, and which by chance encompassed part of the property owned by plaintiff. Gregory had never been conveyed any interest whatsoever in the disputed tract in litigation by Graceland and thus could convey no interest to the defendants.

Finally, we are of the opinion that the chancellor did not err in holding that

5

plaintiff's suit insofar as it sought to affirmatively assert his property rights was barred by the provisions of T.C.A. § 28-2-110. While it reasonably appeared that plaintiff paid taxes on the disputed property for perhaps two years after acquiring title to it, since the inception of the utilization of tax maps in Henry County beginning in 1971, the disputed property had been assessed in the name of defendants, or their predecessor in title, and that for a period of more than twenty years prior to the filing of this suit, Henry County property taxes had been paid by the immediate predecessor in title or by defendants.

The application of T.C.A. § 28-2-110 is to be determined based upon the intent or purpose of the legislature as expressed in the statute. The intention is to be gathered from a reading of the statute, giving the language and words used their natural, ordinary and common accepted meaning. Burress v. Woodward, 665 S.W.2d 707, 708 (Tenn. 1984). The language of this statute, given its usual and ordinary meaning, bars plaintiff's suit.

Accordingly, the decree of the chancellor is affirmed in all respects. As such, plaintiff is barred from bringing this action pursuant to the provisions of T.C.A. § 28-2-110. Furthermore, having established ownership of the disputed property by virtue of a recorded deed from the rightful owner thereof, plaintiff is

declared to be the true and lawful owner of all right, title and interest in and to said property in dispute. Costs in this cause on appeal are taxed one-half to plaintiff and one-half to defendants, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

6

_____
CRAWFORD, P. J., W.S.    (CONCURS)


_____
LILLARD, J.                (CONCURS)