**ANDREWS  v.  WHITE et al.**

**No. 1700.**

United States District Court
E. D. Tennessee, N. D.

May 21, 1954.

---

Forrest Andrews, Knoxville, Tenn., for plaintiffs.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This action was commenced in the Chancery Court of Sevier County, Tennessee, the relief sought by the original bill being an order restraining defendants from trespassing upon the tract of land described in the bill and from threatening the arrest, or arresting and detaining the complainants, their servants or agents, because of the doing by them of anything about or upon said land. Defendants are described in the bill as "employees of the Government of the United States charged with the duty of keeping and protecting the property of the United States comprising or used in connection with the Great Smoky Mountains National Park." The land is described as a tract of 280 acres and as being situated within the outside boundaries of said park, wholly surrounded by other lands designated as park lands. As located and outlined on a map of the park, it is a relatively inconsequential area in the vast wilderness of the public domain, inaccessible except by difficult and ill-defined trails.

The original bill further recites: " * * * said defendants, acting completely beyond their official authority, are claiming that their official jurisdiction extends over the above described lands belonging to the complainants, and that said lands are the property of the United States set aside for park pur-

poses; that said defendants have been threatening to arrest and detain all persons who may enter upon said lands and exercise the common rights of ownership of improvement and use; that these threats and acts on the part of said defendants, clothed as they are with the authority and prestige of their official positions have heretofore and continue to inflict great injury upon these complainants by intimidating all persons employed by the complainants to improve said lands or put them to a useful purpose. That said defendants, under pretense of having jurisdiction over said lands, have from time to time, complainants are informed and believe, entered upon said lands and committed wasteful trespass thereupon, and threaten to continue so to do, thereby causing irreparable injury to the complainants."

Following the quoted language is the prayer for specific relief in the form of an injunction restraining defendants "from threatening the arrest, or arresting and detaining the complainants, their servants or agents because of the doing by them of anything about or upon said lands described which is a common right inherent in ownership of lands; and that defendants be enjoined from further trespassing or entering upon said lands."

Following removal of the case to this court under authority of 28 U.S.C. § 1442, defendants, being represented by the Government, filed their answer in which they rely on seventeen defenses. Those defenses are in substance as follows: That the action is in effect against the sovereign, which has not consented to the suit nor waived its immunity; that jurisdiction is lacking by reason of a State statute which precludes an action for recovery of possession where the land has not been assessed for taxes, nor taxes paid thereon, for twenty years prior to commencement of suit; that defendants, as Government employees, relied upon their authority as such in administration and supervision of the park, including the subject tract, which the sovereign claims as owner in fee simple and by virtue of possession since October 29, 1931, by reason of which claim the United States is a necessary party to this action; that plaintiffs, if owners of the land, have an adequate remedy at law, but may not, as a matter of law, sustain an action for specific relief in equity; that if the United States is not the owner in fee simple, then the fee simple title is not in the plaintiffs but is outstanding in a third party; that the action is barred by various statutes of limitation, and finally that plaintiffs are barred by laches, having had notice but remained inactive for over fifteen years with respect to the Government's adverse claim and possessory acts.

Following discovery proceedings and pretrial, defendants have moved for summary judgment of dismissal on the ground that, this being an action to recover possession of land twenty years delinquent in assessment or payment of taxes, the action is barred by sec. 9159.1 of the Code of Tennessee. In the alternative, defendants have moved that the action be dismissed on the ground that defendants have made no threats nor committed any trespasses.

The Court is of the opinion that the action should be dismissed, and for reasons which will hereinafter appear.

■ There is evidence upon which the Court concludes that defendants, singly or in concert, have made threats intended to exclude plaintiffs from exercising acts of ownership upon the land; also, that defendants themselves have gone upon the land in the course of their administration and supervision of the park lands. The case was heard on the merits not with the purpose of deciding it on its merits, but to discover if possible its true nature and so determine whether the Court has or lacks jurisdiction. Further evidence has disclosed that defendants acted not as individuals but as Government employees; that they acted in the belief that the United States owned the land claimed by plaintiffs; that this belief was based upon documentary and other evidence tending to establish title in the United States;

that they have introduced proof to the effect that any claim of ownership which the United States might make to the land would be far from groundless, and that the land has not been assessed for taxes nor taxes paid thereon for a period of more than twenty years next preceding commencement of this action.

By way of showing title in themselves, plaintiffs have put in evidence a number of grants and deeds, by which they have shown a paper title to 280 acres of land. This tract apparently, and as contended by plaintiffs, was part of a much longer tract which they had sold, but which was not of a certainty included in their conveyance. Removal of uncertainty on that point was undertaken by way of a quitclaim deed from plaintiff's grantees back to the plaintiffs, which deed describes the tract therein conveyed as "The part of grant of the State of Tennessee No. 29213 that lies outside of the boundary sold by the Champion Fiber Company to the Tennessee Great Smoky Mountains Park Commission."

█ No decision on the comparative merits of the claim of plaintiffs and that asserted as the claim of the United States, will be undertaken. Hearing on the merits was considered necessary to the limited extent of determining the question of jurisdiction and is warranted to that extent. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

This action falls into one of two classes. It is either an action in ejectment or one for specific relief that will affect defendants individually, or defendants and the United States, especially the latter.

█ There is a line of cases which hold that in situations of illegal or unconstitutional trespass or possession, ejectment will lie, not against the sovereign certainly, but against agents of the sovereign who purport to act under the authority of their offices. Those decisions stem from and include United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. But the present case is excluded from any chance it might have

had under United States v. Lee, by reason of the Tennessee statute, Code sec. 9159.1. Accordingly, construed as an action of ejectment, regarded in this State as a suit to try title and right to possession, or construed as an action for actual possession of realty, the suit must fail.

This raises inquiry as to what results, if plaintiff's suit falls into the other class, namely, one for specific relief in the form of an injunction. Although plaintiffs seek relief against defendants as individual agents of the Government, the injunction, if granted, would operate adversely as to the sovereign in the administration of the park lands. In Land v. Dollar, 330 U.S. 731 at page 738, 67 S.Ct. 1009 at page 1012, the court said: "The 'essential nature and effect of the proceeding' may be such as to make plain that the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration. Ex parte State of New York, 256 U.S. 490, 500, 502, 41 S.Ct. 588, 590, 591. 65 L.Ed. 1057. If so, the suit is one against the sovereign."

Principles which control the decision here are discussed at length in Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. At page 689 of 337 U.S. at page 1461 of 69 S.Ct., the court said: "There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign. If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign. * * * On a similar theory, where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief."

At page 693 of 337 U.S. at page 1463 of 69 S.Ct., the court further said: "But, in a suit against an agency of the

sovereign, it is not sufficient that he make such a claim [that is, an invasion of his recognized legal rights]. Since the sovereign may not be sued, it must also appear that the action to be restrained or directed is not action of the sovereign. The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet that requirement. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented."

 In the administration of the Great Smoky Mountains National Park, defendants were and are exercising powers delegated to them by the sovereign. 16 U.S.C. § 403h–3. Their conduct here was entirely in accordance with their duties as acting park superintendent and as park rangers. Again quoting from the Larson case, 337 U.S. at page 695, 69 S.Ct. at page 1464: "And we have heretofore rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so. Adams v. Nagle, 1938, 303 U.S. 532, 542, 58 S.Ct. 687, 692, 82 L.Ed. 999. We therefore reject the contention here. We hold that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign, whether or not they are tortious under general law, if they would be regarded as the actions of a private principal under the normal rules of agency. A Government officer is not thereby necessarily immunized from liability, if his action is such that a liability would be imposed by the general law of torts. *But the action itself cannot be enjoined or directed, since it is also the action of the sovereign.*" (Italics supplied.)

As to situations where specific relief may be granted, the court said in 337 U.S. at pages 701–702, 69 S.Ct. at page 1467, " * * * the action of an officer of the sovereign (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as so 'illegal' as to permit a suit for a specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void."

 The United States is not named as a defendant, and there is no allegation of a "taking" of the land; hence the action cannot be construed as one for just compensation, as in cases of eminent domain. As a suit to try title, it would not lie, for the sovereign would be a necessary party and it has not consented to be sued. It is either in substance an action in ejectment, disguised as one for specific relief, or it is purely one for specific relief against officers engaged in performance of their statutory duties. From either viewpoint, the Court lacks jurisdiction, and the action must be dismissed.

Let the necessary order be prepared.