Sadye Daniel BONE, et al.,
Plaintiffs-Appellees,

v.

Minnie Daniel LOGGINS, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 8, 1982.

Permission to Appeal Denied by
Supreme Court Feb. 22, 1983.

Mark H. Collier, Dickson, Claude Callicott, Nashville, for plaintiffs-appellees.

John Lee Williams, Waverly, Tom Manor, Nashville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

This is an action styled "Partition Suit and Suit Quia Timet" involving a question of adverse possession of real estate and the application of T.C.A. § 28–2–110 which, if applicable, would bar the action because of nonpayment of taxes.

The land in question, known as "Old Entry", is located in a remote area of Humphreys County close to the Tennessee River. The parcel was purchased in 1902 by G.M. Daniel. Although Mr. Daniel had a will at the date of his death in 1927, the will did not provide for the disposition of this particular parcel of land. Therefore, according to the then existing laws of intestate succession, the land passed subject to dower to the heirs at law of G.M. Daniel, the appellees in this suit. However, the appellees, being remote kindred of G.M. Daniel, apparently did not realize that they were the rightful owners of this tract of land until shortly before this suit was brought in 1971.

Mr. Daniel was survived by his wife, Justina Cates Daniel, who apparently concluded that she became the owner in fee of the tract in question, in addition to another tract of approximately the same size on the Tennessee River which did not pass to her by the terms of the will. Mrs. Daniel allegedly paid the property taxes on the tract in question until her death in 1933.

Mrs. Justina Daniel died intestate. The heirs at law of Mrs. Daniel, the appellants in this suit, went to the courthouse and were informed correctly by a county official that any real estate rightfully owned by Mrs. Daniel at the time of her death would pass to them under the laws of intestate succession. The appellants evidently assumed that they became the rightful owners of the "Old Entry" tract, since they thought it was owned by Mrs. Justina Daniel.

In the year 1968, one of the heirs of Justina Daniel decided to sell the timber off the land. She contacted a timber purchaser who discovered the true state of the title by a search of the records. The heirs of G.M. Daniel became aware of their interest in the property after an heir of Justina Daniel revealed they were the record owners of the land in question. The appellees instituted this action in 1971 praying that the rights of the parties in the land in question be settled and declared by the decree of the court and that it be sold for partition.

The heirs of Justina Daniel answered, alleging that they had title to the property by adverse possession, and that the plaintiffs were barred from instituting suit to recover the property by the provisions of T.C.A. § 28–2–110. They further raised the defense of laches.

The Chancellor referred the case to a special master whose report concluded that the appellants had failed to prove adverse possession that would prevent the appellees from obtaining a clear title to the property. The master also found that T.C.A. § 28–2–110 did not apply since one of the appellees was a minor child at the time of the suit; that the taxes paid by the appellants were on the tract of land inherited by Justina Daniel from G.M. Daniel, and not on the tract that is the subject of this dispute; and, that the appellees were not guilty of laches, since the delay was not wilful and the appellants were not prejudiced by the delay.

The master concluded that an equitable resolution of the dispute demanded that the tract of land be divided one-half to the heirs of G.M. Daniel, and one-half to the heirs of Justina Daniel.

Both sides filed exceptions to the master's report. The Chancellor, after reviewing the testimony and exhibits, concurred with the special master's findings of fact. However, the Chancellor concluded that the division of the property was improper, stating that the title to the property should remain with the appellees since the appellants failed to prove adverse possession.

The Chancellor finally held that T.C.A. § 28-2-110 does not bar the appellees' suit. The Chancellor indicated that although the statute was a bar to recovery of land, since the appellants did not claim possession of the property or to have a deed or any other instrument by which they assert their title, the statute was not a bar to this suit.

The first issue raised by the appellants on appeal is:

I. Did the Master and Chancellor err in not holding that the appellants have proven adverse possession?

 "Where a party bases his title or right to possession upon adverse possession the burden is upon him to sustain that contention." *Tipton v. Smith,* 593 S.W.2d 298, 300 (Tenn.App.1979); *see Teeples v. Key,* 500 S.W.2d 452, 457 (Tenn.App.1973). The evidence submitted by the party alleging adverse possession is strictly construed with every presumption being in favor of the holder of the legal title. *Moore v. Brannan,* 42 Tenn.App. 542, 558, 304 S.W.2d 660, 663 (1957). It is clear to us that the appellants have failed to prove such acts of ownership that would entitle them to title of this tract of land by adverse possession.

 To obtain title to the land the adverse claimant must prove that he exercised complete dominion and control over the disputed tract. Such use and occupation of the land by the adverse claimant is dictated by the nature and character of the land. *See Derryberry v. Ledford,* 506 S.W.2d 152, 157 (Tenn.App.1973); *Moffitt v. Meeks,* 29 Tenn.App. 609, 615-16, 199 S.W.2d 463, 466 (1946).

 In the present case, it is uncontroverted that the remote tract of land is suitable only for timber production. The appellants, therefore, have the burden of showing that they performed acts of such a character on the unimproved land to leave no doubt their claim of ownership. *Pullen v. Hopkins, Clark & Co.,* 69 Tenn. 741, 747 (1878). The occasional use of land by cutting trees, no matter how long, will not alone constitute adverse possession. *Coal & Iron Co. v. Coppinger,* 95 Tenn. 526, 530, 32 S.W. 465, 466 (1895); *Cusick v. Cutshaw,* 34 Tenn.App. 283, 292, 237 S.W.2d 563, 567 (1948). Although the tract of land allegedly contains timber in abundance, the appellants never sold any timber. The only proof they offer is testimony that wood was cut at times on the tract in a six year period from 1935 to 1941. The proof does not clearly establish the extent of the cutting, how much and how often wood was cut, and over what portion of the tract the wood was cut. We are, therefore, unable to find that the appellants' acts constituted such a use and occupation of the land as to enable them to claim title by adverse possession. Since the burden was on the appellants to prove adverse possession, it is clear that they have failed to meet their burden and the finding of the Chancellor should be affirmed.

 The appellants also argue as an indication of adverse possession, that they have paid the property taxes on the tract of land since the death of Justina Daniel. The special master and the Chancellor have made concurrent findings of fact that the appellants did not pay the taxes on the property in dispute. The appellants attack that finding in a separate issue which we will deal with later. However, even assuming that the appellants did pay the taxes, payment of taxes merely shows an intention to claim the land, it is not evidence of adverse possession. *Fuller v. Jackson,* 62 S.W. 274, 278 (Tenn.Ch.App.1901); *see* 2 C.J.S. *Adverse Possession* § 211 (1972). Our Supreme Court in *Pullen v. Hopkins, Clark & Co.,* decided that the occasional cutting of timber and payment of taxes on the land are not sufficient acts to vest title in an adverse claimant. 69 Tenn. 741 (1878); *see Fuller v. Jackson,* 62 S.W. at 278. Therefore, even if the appellants did pay the taxes on this property, such an act combined with the occasional cutting of firewood, would not be legally sufficient to vest title in the appellants.

The second issue raised by the appellants is:

II. Did the Chancellor err in refusing to apply T.C.A. § 28–2–110 as a bar to the appellees' suit?

T.C.A. § 28–2–110 provides:

(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts in this state;

(b) . . .

■ The statute has been held to bar an action of ejectment or an action for actual possession of realty or a suit to quiet title. *See Andrews v. White,* 121 F.Supp. 570, 573 (E.D.Tenn.1954); *Lee v. Harrison,* 196 Tenn. 603, 614–15, 270 S.W.2d 173, 177–78 (1954). Although the appellees' suit is titled a suit for partition, the whole purpose of the suit is to remove any cloud that may exist on the title. Therefore, if in fact the appellees have failed to pay the taxes for more than twenty years, and if the appellants have standing to raise the defense, the statute would bar this action.

However, we conclude that the statute does not act as a bar in this suit since the record does not show that the appellees have failed to pay the taxes on the property. A party attempting to rely on the statute as a bar must clearly show that the other party failed to pay the taxes. *See Winborn v. Alexander,* 39 Tenn.App. 1, 25–26, 279 S.W.2d 718, 729 (1954).

The appellants rely on their proof that they paid the taxes for the prior forty years as proof that the appellees did not. However, the special master and the Chancellor found as a fact that the appellants did not pay the taxes on the tract in question. Since the appellees did not suspect that the land belonged to them until shortly before this action began, we might infer that they did not pay the taxes. However, the record before us, consisting mainly of the disordered records of the Humphreys County Trustee, do not conclusively show that the taxes have not been paid on the disputed tract. Therefore, the appellants have failed to prove the facts which make out a defense based on the statute.

Even assuming that the appellees did fail to pay the taxes, the Chancellor would not allow the appellants to raise the statute as a bar since they were not a real party in interest. The lower court held that the statute by implication requires that both parties have legally cognizable claims to a disputed tract since the statute bars a suit for the *recovery* of land. Therefore, the court reasoned, since the appellants were not able to show they had any interest in the land (holder under color of title, adverse claimant, beneficiary under a will, etc.), they could not rely on the statute to bar the appellees' suit.

Apparently this is a case of first impression in Tennessee. The proposition is alluded to in *Lee v. Harrison,* 196 Tenn. at 623, 270 S.W. at 181:

In conclusion it should be said that only persons who have a vested interest in lands at the time this statute was enacted are in a position to question its validity on the ground that it is retrospective. Whether or not "trespassers" upon such lands could plead it as a bar to "any suit by such owner to protect his title" is an open question. It is not before us in the instant case.

The Supreme Court does not seem to have returned to this question in any subsequent case. The cases have, however, decided that T.C.A. § 28–2–110, bars an action of ejectment or an action for actual possession of realty or a suit to try title and right of possession. *See Andrews v. White,* 121 F.Supp. at 573; *Lee v. Harrison,* 196 Tenn. at 614–15, 270 S.W.2d at 177–78. Such holdings imply that a mere trespasser could invoke the statute as a bar. Possibly one in possession of realty, even if improper, should have a legally cognizable interest.

Since we have determined, however, that the proof does not show that the appellees have failed to pay the taxes on this property, we, as the court did in *Lee v. Harrison,* pass this question until it is presented directly.

The third issue raised by the appellants is:

III. Did the chancellor and master err in holding that the taxes paid by the appellants were not on the real estate which is the subject of this lawsuit?

T.C.A. § 27–1–113 provides in part: "Where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate court, the Court of Appeals shall not have the right to disturb such finding." This Court has no authority to disturb the finding in this case unless: "(a) it is upon an issue not proper to be referred, or (b) it is based upon an error of law or a mixed question of fact and law, or (c) where it is not supported by any material evidence." *Ferrell v. Elrod,* 63 Tenn.App. 129, 139, 469 S.W.2d 678, 683 (1971). The appellants assert the third exception to the general rule applies in this case.

■ Based upon the proof in the record, we can only conclude that the tax records of Humphreys County are in a state of disarray. Although the records clearly show that one of the appellants paid taxes on two tracts of land, neither tract described in the records unambiguously refers to the parcel of land that is the subject of this dispute. The appellants suggest that one of the tracts listed in the tax records is the tract in question. However, the acreage of the tract in question is approximately 300 acres and the acreage of the tract found in the tax records is listed as only 140 acres. Also, even though the adjoining landowners of the tract in the tax records are similar to the adjoining landowners of the tract in question, the names and locations of the adjoining landowners are not identical in the two instances. Although the appellants set forth a good argument that the names and locations of the adjoining landowners were incorrectly recorded in the tax records

and the acreage was a rough estimate based on the remote location of the tract in question, such speculation is not a basis to overturn a concurrent finding by the master and chancellor.

For the above reasons the decision of the Chancery Court of Humphreys County is affirmed and the cause is remanded to the lower court for any further necessary proceedings. Tax the costs on appeal to the appellants.

TODD, P.J. (M.S.), and LEWIS, J., concur.