FRANCES DAVIS,                          )
                                        )
        Plaintiff/Appellee,             )       Appeal No.
                                        )       01-A-01-9706-CH-00254
v.                                      )
                                        )       Lawrence Chancery
LORENE INMAN, TERESA G.                 )       No. 7499-95
INMAN, PAUL W. INMAN and                )
VIRGIL INMAN,                           )
                                        )
        Defendants/Appellants.          )
                                        )

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR
LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE


THE HONORABLE JIM T. HAMILTON, CHANCELLOR

PAUL B. PLANT
Harwell & Plant
225 Mahr Avenue
P. O. Box 399
Lawrenceburg, Tennessee  38464
        ATTORNEY FOR PLAINTIFF/APPELLEE



THOMAS W. HARDIN
Hardin & Parkes
102 West Seventh Street
P. O. Box 692
Columbia, Tennessee  38402-0692
        ATTORNEY FOR DEFENDANTS/APPELLANTS

AFFIRMED AS MODIFIED
AND REMANDED


                        WALTER W. BUSSART, SPECIAL JUDGE

# OPINION

This case is on appeal from the Chancery Court of Lawrence County, Tennessee, from an Order of the Chancellor finding ownership of certain disputed land in the Plaintiff/Appellee, Frances Davis, and granting her compensatory and punitive damages for trespassing. The case is properly before this court for review de novo upon the record with a presumption of correctness of the findings of fact. Unless the evidence preponderates against the findings of fact, we must affirm, absent an error of law. Tenn. R. App. P. 13(d).

A review of the evidence presented in the trial court and the briefs filed here suggest that the facts are not significantly in dispute. It appears that Mrs. Davis (along with her husband) purchased land adjoining the Inmans' farm in March of 1956. In early 1966, the Davises began construction of their home which is now located on that land. Later in 1966, Mr. Davis and his sons constructed a decorative wooden fence along both sides and across the front of this home. The fence on the side nearest the Inmans was placed in the same location as an old wire fence which was there when the Davises purchased the property. This fence has remained in the same place consistently since its construction in 1966.

Sometime after the construction of the home, Mr. and Mrs. Davis began to maintain a portion of the Inmans' field, past this wooden fence. They mowed and/or bushhogged this strip apparently with the permission of Mr. Inman. Mr. Inman also bushhogged the area from time to time. Neither party ever really prevented the other from coming on and using this strip for hunting or recreation.

In 1995, the Inmans decided to divide the property and hired a surveyor to assist them. In March of that year, the survey was interrupted when Mrs. Davis threatened to have anyone arrested who came upon "her property." Before the survey was completed, Mrs. Davis mowed the strip outside the decorative fence and caused to be erected a new barbed wire fence. The Inmans took action to remove both of the fences erected by Mrs. Davis and to erect their own fence. This litigation ensued and a restraining order was issued. Mrs. Davis also hired a surveyor and both parties' surveyors testified at the trial that in fact the Davises' deed did not include either fence.

Based upon these facts, the Chancellor held that Mrs. Davis was entitled to the property encompassed by the barbed wire fence by open and notorious adverse possession. He awarded compensatory and punitive damages based upon the Inmans' actions in removing the fences and certain trees on that property.

In order to acquire title by adverse possession, the possession must be exclusive, actual, adverse, continuous, open and notorious for the entire prescriptive period under a claim of right or title to the property and the owner must have knowledge of the adverse claim. *Tidwell v. Van Deventer*, 686 S.W.2d 899, 902 (Tenn. App. 1984); *Carr v. Wilbanks*, 45 Tenn.App. 372, 390, 324 S.W.2d 786, 794 (1958). The plaintiff, of course, has the burden of proof. *Bone v. Loggins*, 652 S.W.2d 758, 760 (Tenn. App. 1982). While every element of the adverse possession must be proven by the plaintiff, she need only put land to such use and occupation as it is, by its nature and character, susceptible. *Derryberry v. Ledford*, 506 S.W.2d 152, 157 (Tenn. App. 1973).

The decorative wood fence erected in 1966 is, according to the survey of Cleghorne & Associates, very near the boundary line established by the Inman deed. Inside that fence for almost thirty years, Mrs. Davis planted trees and flowers, conducted activities with her children, and generally treated it as her yard. The Chancellor found this sufficient proof to establish open and notorious adverse possession as to this fence and we find that the proof in the record supports that finding.

However, beyond this fence is property clearly within the Inmans' deed and there is no proof that this land up to the barbed wire fence was openly and notoriously possessed. The barbed wire fence was constructed sometime in April of 1995. Before that, the only evidence is that this land was bushhogged and mowed by both parties and the Davises did this to keep snakes from coming into the yard. The camera man on a video exhibit showing the land repeatedly admits that no deed describes this particular piece of property. We find that the evidence in this record preponderates against the Chancellor's finding that the strip of land between the white decorative wood fence and the barbed wire fence was acquired by Mrs. Davis through adverse possession. Therefore, the

boundary line is established at the location of the white wood decorative fence.

The Chancellor awarded compensatory damages to Mrs. Davis in the amount of $7,569.08. This award was based upon estimates provided by a fence company, a landscaping company, and a tree farm company. None of these witnesses testified at the trial of the case, but the Chancellor allowed Mrs. Davis to testify as to these estimates which she procured.

We find the proof with regard to compensatory damages to be contained in the testimony of Mrs. Davis. This proof shows that damages done to the white plank fence and to the property on the Davises' side of that fence are as follows: 4 pine trees ($2,000.00), 75 feet of board plank fence ($562.50), blue spruce ($285.00), 3 holly bushes ($97.00), tractor work ($210.00), seed ($87.00), straw ($113.75), sod ($700.00), hand labor ($387.00), for a total of $4,442.25. While the testimony as elicited from Mrs. Davis, based upon the statements of estimate, is hearsay within Rules 802 and 803, Tenn. R. Evid., it is clear from her testimony that this is her opinion of the replacement cost of this damaged property. The proof, although hearsay, is uncontroverted. Under all of the circumstances of this case, it appears appropriate to establish the compensatory damages based upon this proof at $4,442.25. The damage award is, therefore, reduced to that amount.

We now turn to the award of punitive damages. The trial court awarded the Davises $15,000 in punitive damages. The Inmans themselves exhibited conduct which is willful and wanton under the circumstances. They clearly acted recklessly and with a conscious disregard for the property of the Plaintiff. This is conduct which cannot be approved or accepted in a civilized society. Punitive damages are, therefore, appropriate. However, a portion of the conduct and action taken by the Inmans was done to their own property in accordance with the boundary line established heretofore in this opinion. We review the assignment of punitive damages de novo based upon the record. Our review leads to the conclusion that an award of punitive damages in the amount of $5,000.00 is appropriate. Accordingly, the punitive damage award is reduced to that amount.

It is, therefore, ORDERED that the boundary line between Mrs. Davis and the Inmans is established precisely at the place where the white wooden decorative fence existed for almost thirty years. The Plaintiff is awarded $4,442.25 in compensatory damages and $5,000.00 in punitive damages and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

_____
WALTER W. BUSSART, SPECIAL JUDGE

CONCUR:

_____
HENRY F. TODD, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE