IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 13, 2018 Session

## JOHN KINDER ET AL. v. WENDELL BRYANT ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 2016-CV-228   Jerri Bryant, Chancellor**

_____

### No. E2017-01688-COA-R3-CV
_____

The plaintiffs commenced this declaratory judgment action to establish that their claim to a forty-acre tract of real property is superior to that of the defendants. The plaintiffs claim to have purchased the disputed property in 1980; however, their deed was not recorded until 1995. The defendants' predecessors in interest purchased the property at a tax sale in 1994, and their deed was duly recorded prior to the plaintiffs' deed. The plaintiffs' claims are based, *inter alia*, on adverse possession and the contention that the 1994 tax deed is void or voidable due to lack of notice of the sale. After hearing cross-motions for summary judgment, the trial court summarily dismissed the complaint finding that the plaintiffs were not entitled to notice of the tax sale because, at the time of the sale, the plaintiffs' deed had not been recorded and the plaintiffs lacked standing to challenge the lack of notice to their predecessors in title who were the owners of record at the time of the tax sale. The trial court further found that the plaintiffs had not paid any taxes on the property and that the defendants paid the property taxes for more than twenty years, which raised the rebuttable presumption of ownership under Tenn. Code. Ann. § 28-2-109. Based on these findings, the trial court held that Tenn. Code Ann. § 28-2-110 barred any affirmative action by the plaintiffs to claim an interest in the property and summarily dismissed the complaint. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON II, J., joined.

George N. McCoin, Thomas F. Bloom, and Sheridan C. Randolph, Cleveland, Tennessee, for the appellants, Mitchell Kinder and John H. Kinder.

Neil A. Brunetz, Chattanooga, Tennessee, for the appellee, Wendell P. Bryant, Jr.

**OPINION**

John Kinder ("Plaintiff") purchased a forty-acre tract of land located in Bradley County ("the Disputed Property") from E. L. Richmond in December 1980. The Disputed Property adjoined another tract of land already owned by Plaintiff where his house was located. Soon after the purchase, Plaintiff fenced in the Disputed Property. He restricted access to the property with gates and used the property for cropland, pasture, grazing of livestock, and storage of equipment, and at times, rented out the property. In the mid-1980s, Plaintiff built a barn on the Disputed Property.

For reasons unexplained by the record, the 1980 deed from E. L. Richmond was never recorded and apparently lost. Upon discovery of this omission, Mr. Richmond signed a Replacement of Lost Deed in December 1992; however, the replacement deed was not recorded until three years later, in September 1995.

In the interim, on April 13, 1994, Doris and Wendell Bryant, Sr. ("the Bryants"), the parents of Wendell Bryant, Jr. ("Defendant"), acquired the Disputed Property by tax deed, and the 1994 tax deed was promptly and duly recorded. Twenty-two years later, on February 3, 2006, the Bryants conveyed the Disputed Property by quitclaim deed to Defendant as Trustee of the Wendell P. Bryant Sr. Trust. The quitclaim deed was promptly and duly recorded.

Prior to 2016, neither Defendant nor his father, Wendell Bryant Sr., made use of the Disputed Property. In March 2016, however, Defendant demanded that Plaintiff vacate the property. Since that time, Plaintiff contends that Defendant has trespassed on the Disputed Property and destroyed locks and gates, which gave rise to this litigation.

On November 3, 2016, Plaintiff and his son Mitchell Kinder (collectively "Plaintiffs") filed a complaint for trespass, unlawful entry, declaratory judgment, and injunctive relief against Defendant, individually, and as Trustee of the Wendell Bryant Sr. Trust (collectively "Defendants"). Plaintiffs claimed that Plaintiff John Kinder purchased the Disputed Property in 1980 and has had continuous, open, exclusive possession of it since that time. Plaintiffs sought a declaratory judgment that the 1994 tax deed to the Bryants was void or voidable and that Plaintiff John Kinder lawfully acquired the land in 1980 or, alternatively, that Plaintiffs are the rightful owners of the land through adverse possession. Plaintiffs contend the tax deed obtained by the Bryants is void or voidable because neither Plaintiffs nor the previous property owner, Mr. Richmond, were notified of the delinquent property taxes owed nor were they informed that the Disputed Property would be sold at a tax sale.

Defendants filed a timely answer in which they contended that Plaintiffs' claims are statutorily barred by Tenn. Code Ann. § 28-2-110 based on the undisputed fact that Defendants paid the property taxes for more than twenty years and Plaintiffs never paid

any property taxes assessed on the Disputed Property.[1] Defendants also contended they are the prima facie owners of the Disputed Property based on their superior chain of title.

Following discovery, the parties filed cross-motions for summary judgment. After hearing from both sides, the trial court found that Plaintiffs were not entitled to notice of the tax sale because, at the time of the sale, Plaintiffs' deed had not been recorded. Moreover, the court held that Plaintiffs lacked standing to challenge the lack of notice to their predecessor in title, E. L. Richmond, who remained the record title holder of the property at the time of the tax sale. The trial court also found that Plaintiffs had not paid taxes on the Disputed Property, while Defendants paid taxes on the property for more than twenty years, which raised the rebuttable presumption of ownership under Tenn. Code. Ann. § 28-2-109.[2] Based on these findings, the trial court held that Tenn. Code Ann. § 28-2-110 barred any affirmative action by Plaintiffs to claim an interest in the property and summarily dismissed the complaint. This appeal followed.

## STANDARD OF REVIEW

This appeal arises from the grant of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). "Our review of a trial court's award of summary judgment is de novo with no presumption of correctness, the trial court's decisions being purely a question of law." *BellSouth Advert. & Pub. Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003) (quoting *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001) (citing *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000)).

---

[1] Plaintiffs did pay taxes assessed on the barn they built on the Disputed Property; however, the barn was not assessed to the Disputed Property. Instead, it was assessed to Plaintiffs' adjoining property.

[2] Tenn. Code Ann. § 28-2-109 provides:

Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more than twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning the same, and who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance or title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.

ANALYSIS

Although the parties present several issues for us to consider, the dispositive issue is whether the trial court erred by summarily dismissing Plaintiffs' complaint as barred by Tenn. Code. Ann. § 28-2-110.

The trial court issued its ruling in a detailed and well-reasoned decision, which we summarize below. The court found that the 1980 deed to John Kinder from E. L. Richmond was not recorded. A "replacement" warranty deed was executed on December 1, 1992, but not recorded until September 5, 1995. Meanwhile, Defendants or their predecessors in title received their deeds pursuant to a tax sale, with said deeds being recorded on April 13, 1994. The property in question adjoins and lies on the north side of 9.84 acres owned by Plaintiff John Kinder. The trial court found that it was undisputed that Defendants had continuously paid taxes on the forty-acre parcel since 1995, more than twenty years. The trial court further found that on December 12, 1992, Plaintiff John Kinder received a document entitled "Replacement of Lost Deed" which recited in part:

I covenant that on 22 December 1980, the date of the original deed, I was lawfully seized and possessed of said real estate; that on said date, I had good and lawful right to sell and convey the same; that the title thereto is clear, free and unencumbered by any act of mine; and I will forever warrant and defend the title thereto against all lawful claims by and through me.

The trial court made a specific finding that "the document does not indicate that it replaces a deed that was signed and delivered to John Kinder. This 'new' deed was not recorded until September 5, 1995."

Considering the foregoing undisputed facts, the trial court determined that Tenn. Code Ann. § 28-2-110 barred Plaintiffs' claim. Tenn. Code Ann. § 28-2-110 provides in pertinent part:

(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

Relying on *Bone v. Loggins*, 652 S.W.2d 758, 761 (Tenn. Ct. App. 1982), the trial court noted that Tenn. Code Ann. § 28-2-110 was enacted in order to facilitate the collection of property taxes based on property valuations and that the burden of proof

requires that any party who relies upon the statute "to clearly establish the failure to pay taxes by the other party." The trial court also noted, relying on *Cumulus Broadcasting, Inc. v. J.W. Shim*, 226 S.W.3d 366, 381 (Tenn. 2007), that Tenn. Code Ann. § 28-2-110 "should not serve as a bar to a claim of adverse possession when the tracts are contiguous, a relatively small area, and the adjacent owners making claims of ownership have paid their respective real estate taxes."

The trial court correctly found that the Disputed Property is a forty-acre parcel, which "is not a relatively small area." Moreover, the trial court acknowledged that while Plaintiffs have

> paid taxes on a barn that is located on the 40-acre tract, the proof in this case is clear that the Defendants have paid the property taxes on the 40-acre tract. Since Defendants have paid taxes on the property continuously for over twenty (20) years, a rebutt[able] presumption of ownership arises under T.C.A. § 28-2-109. The Defendants also have record title, having had their deed recorded since April 13, 1994. Plaintiffs argue that the tax sale was constitutionally defective. They have provided no proof that Mr. Richmond was not served with process prior to the land being sold for delinquent taxes. Instead Plaintiffs' proof shows summons and publication. Defendants respond that T.C.A. § 67-5-2504(d) provides certain limitation periods with regards to tax sales:
>
> > 1. A suit to invalidate any tax title to land shall be commenced within one (1) year of the date the cause of action occurred, which is the date of the entry of the order confirming the tax sale.
> >
> > 2. The statute of limitations to invalidate the sale of any tax title shall be one (1) year as set forth in the subdivision (d)(1), except that it may be extended to one year after the plaintiff discovered or with the exercise of reasonable diligence should have discovered the existence of such cause of action.
> >
> > 3. In no event shall any action to invalidate any tax sale be brought more than three (3) years of the entry of the order confirming the tax sale.
>
> In this case, Plaintiffs did not bring any cause of action to invalidate any tax sale within the three (3) year statute of limitations. No such suit to invalidate a tax sale has been filed.

Following additional analysis of the statute regarding who was entitled to receive notice of a tax sale, the trial court reasoned:

The Plaintiffs did not hold an ownership interest in the property at the time of the sale, such that Bradley County was statutorily required to provide notice to Plaintiffs. Plaintiffs did not record their deed until after the tax deed was delivered; therefore, Bradley County could not have provided the Plaintiffs notice of the tax sale. Since Plaintiffs failed to comply with T.C.A. § 67-5-2502(b), they were not entitled to notice. Plaintiffs' unrecorded deed allegedly obtained in 1980 and again in 1992, was effectively non-existent for the purpose of providing notice.

Relying on *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004), the trial court determined that a party such as Plaintiffs "must assert his or her own legal rights and interests and cannot rest his claim for relief on the legal rights or interests of third parties;" therefore, Plaintiffs did not have standing to assert any rights Mr. Richmond may have had at the time of the tax sale.

Moreover, the trial court specifically found that there was "no proof in the record that the tax sale was invalid," and significantly, "there is no statement from Mr. Richmond that he was not served with process." Based on the rule docket of the Bradley County Clerk and Master's Office, the court also found "that there was an order of publication for the delinquent taxes." In summation, the trial court stated:

The 1988 tax suit was filed on April 1, 1991, and an Order allowing publication was filed on October 20, 1992, which was prior to Plaintiffs receiving their "replacement deed". There certainly appears to be no basis to challenge the validity of the tax sale, as Plaintiffs have come forth with no proof which would allow them to do so. The court therefore holds that T.C.A. § 28-2-110 bars any affirmative action by Plaintiffs claiming an interest in the real property.

Therefore, Defendants' Motion for Summary Judgment is granted, in that Plaintiffs cannot bring an action to recover an interest in this property. . . . Based upon the statutes referenced herein this Court holds that Defendants are entitled to judgment as a matter of law and Plaintiffs' claim shall be dismissed. Adverse possession cannot be a defensive claim to the statute. Plaintiffs' Motion for Summary Judgment is denied and hereby dismissed.

Having determined that the trial court's findings, legal analysis, and conclusion are "spot on,"[3] and concluding that further analysis is unnecessary, we affirm the trial court in all respects.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Mitchell Kinder and John H. Kinder.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[3] "In our view, the trial court's analysis was spot on." *Rudd v. Gonzalez*, No. M2012-02714-COA-R3-CV, 2014 WL 872816, at *8 (Tenn. Ct. App. Feb. 28, 2014).